**Almando LOPEZ, Plaintiff–Appellant,**

v.

**MICRO CENTER SALES CORP.,
Defendant–Appellee.**

No. 03–4168.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 4, 2004.

Decided Aug. 13, 2004.

---

Benjamin O. Nwoye, Mendoza & Nwoye, Chicago, IL, for Plaintiff–Appellant.

Jodi Rosen Wine, Jenkens & Gilchrist, Chicago, IL, for Defendant–Appellee.

Before FLAUM, Chief Judge, BAUER, and SYKES, Circuit Judges.

## ORDER

Micro Center Sales Corporation fired Armando Lopez after he approved too large a discount for a coworker. However, Lopez contends that he was fired not because of the employee discount, but because he is Hispanic and from Mexico. He sued for racial and national origin discrimination, *see* Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e *et seq.*, but the district court granted summary judgment to Micro Center. We affirm.

According to the undisputed evidence (including statements of fact made by Micro Center that Lopez failed to properly controvert, *see* Dist. Ct. Order at 3, n. 3, and *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir.1998)), Lopez began working in 1997 as a sales associate for Micro Center, a store that sells computers and accessories. When he started, employees were entitled to a discount of 50% off the retail price for clearance items. In August 2001 Micro Center changed its policy so that employees were initially entitled to only a 20% discount, though the discount would grow each week the item remained unsold. Micro Center advised employees about the change at several store meetings and by attaching the new policy to each employee's paycheck.

Within months of its implementation, Lopez violated the new policy. In January 2002 Lopez was approached by coworker Gerald Minzey, who asked Lopez to authorize a discount for a digital memory card as store policy prohibited employees from authorizing their own discounts. Lopez authorized the discount, but on the clearance tag he wrote the price $25.96, which amounted to a discount of 48% rather than 20% as permitted under the new policy. There is no evidence that Minzey asked Lopez to authorize a discount that exceeded the amount permitted, or that he realized Lopez had done so.

In order to complete his purchase at the discounted price, Minzey also needed a manager's approval. But store manager Adam Mandel did not approve the $25.96 price written on the clearance tag because he thought it was "extremely abnormal." Instead, he questioned Lopez about the excessive discount, which Lopez admitted was a mistake. Lopez also admitted to Micro Center's national loss prevention director Skip Myers his mistake, which Lopez attributed to being busy with customers at the time he approved the discount. Nevertheless, Myers recommended to Mi-

cro Center's national director of human resources Angela Miller that Lopez be terminated, and he was. Minzey was not terminated.

The incident involving Lopez and Minzey followed several others in which employees were disciplined for improper employee discounts. In one of those incidents, two sales associates—Raul Hernandez and Jeremy Rome—helped a third—Bryan Walston—attempt to take a discount on a clearance item on a Friday even though the item would not become eligible for the discount until two days later on Sunday. Hernandez was Hispanic, while Rome and Walston were not; none of them were fired for their infractions. In another incident that occurred before Micro Center changed its employee discount policy, cashier Ava Vilchez mistakenly rang up sales associate Hector Zavala's purchase of a projector as the purchase of a printer. As a result, Zavala received a 60% discount on the projector even though only printers were eligible for that size discount; at the time, projectors were eligible only for a 30% discount. Zavala, who was Hispanic, was fired because he knew he was entitled to only a 30% discount on the projector; Vilchez, also Hispanic, was not fired because if she had been right that Zavala was buying a printer, the 60% discount would have been correct.

Believing that he had been disciplined more harshly than other employees, Lopez filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that he was terminated even though non-Hispanics and non-Mexicans who violated the employee discount policy were not. After the EEOC issued Lopez a right-to-sue letter, he sued Micro Center for race and national origin discrimination.

Micro Center filed a motion for summary judgment, which the district court granted. The court concluded that Lopez could not establish a *prima facie* case of either racial or national origin discrimination because none of the employees he compared himself to were similarly situated. Specifically, the court determined that: (1) Lopez failed to show that the decision to fire him was made by the same supervisors who decided not to fire other employees who violated the discount policy; and (2) according to the undisputed evidence, Lopez's infraction was more serious than the other employees'.

Lopez offered no evidence of discrimination under the direct method, and instead proceeded under the indirect method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to survive summary judgment under the indirect method, Lopez needed to establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class; (2) he was meeting Micro Center's legitimate job expectations; (3) he experienced an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir.2004).

Lopez argues generally that because he offered evidence that other employees committed "similar infraction[s]" of the employee discount policy, the district court erred in concluding that they were not similarly situated to him. But Lopez's argument misapprehends the district court's conclusion—that Micro Center was entitled to punish Lopez more harshly because his infraction was more egregious. As the court noted, Micro Center did not fire Minzey for his role in the incident involving Lopez, but only Lopez's act of authorizing an excessive discount violated store policy, and therefore Micro Center was entitled to treat Lopez more harshly.

*See Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir.2000) (courts look to whether employees engaged in similar conduct in determining whether they were similarly situated); *see also Kohls v. Beverly Enters. Wis., Inc.*, 259 F.3d 799, 806 (7th Cir.2001) (this court will not sit as a super-personnel department and "make suggestions to managers on how to deal with employees more fairly or effectively."). Likewise, Micro Center was entitled to treat less harshly Vilchez's mistaken belief that she was discounting a printer rather than a projector, while at the same time terminating Zavala who knew that he was not entitled to the discount Vilchez mistakenly rang up. As for the incident involving Rome, Hernandez, and Walston, the district court correctly noted that Micro Center was entitled to treat their infractions less harshly because they were not attempting to take a discount greater than that allowed under the store policy, but rather mistakenly attempted to take the permitted discount two days early.[1]

Lopez also contends that the court erred in concluding that he failed to identify any similarly situated employees by overlooking evidence that the manager who fired him—Craig Stiles—is the same manager who decided against firing other employees who violated the discount policy. In determining whether employees are similarly situated, courts balance a number of factors including whether employees were disciplined by a common decisionmaker. *Little*, 369 F.3d at 1012; *Radue*, 219 F.3d at 617–18. But as the district court noted, Lopez was terminated by Myers and Miller, not Stiles. Lopez cites Stiles' deposition testimony to support his argument that Stiles fired him. But Stiles testified only that he was "involved in" the "process" that resulted in Lopez's termination, and that the decision to terminate was made by Myers "and probably HR," presumably referring to human resources director Miller. None of the other employees whom Lopez asserts were similarly situated were terminated by Myers and Miller. For instance, the decision to discipline, but not terminate, Rome, Hernandez and Walston was made by Mandel and store manager Joe Centeno, not Myers and Miller. Likewise, the decision not to fire Vilchez for mistakenly giving Zavala a 60% discount was made by Stiles and human resources manager Layda Cardoso–Duris, not by Myers and Miller.

Accordingly, we AFFIRM the judgment of the district court.

---

1. Lopez also frivolously compares himself to a customer service representative who violated company policy yet was not terminated. The customer service representative's infraction did not involve the employee discount policy—it involved replacing without a manager's prior approval a computer disk missing from a product a customer had just purchased. The district court therefore correctly held that the employee was not similarly situated.